Randall B. Bateman (USB 6482)
Perry S. Clegg (USB 7831)
BATEMAN IP LAW GROUP
8 East Broadway, Suite 550
P.O. Box 1319
Salt Lake City, Utah 84110
Tel: (801) 533-0320/Fax: (801) 533-0323
Emails: mail@batemanip.com, rbb@batemanip.com, and psc@batemaip.com

Attorneys for Plaintiff,
Cobalt Flux, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| COBALT FLUX, INC., a Utah corporation, | ) REPLY MEMORANDUM IN |
| | ) SUPPORT OF MOTION FOR |
| Plaintiff, | ) LEAVE TO FILE FIRST AMENDED |
| | ) COMPLAINT |
| vs. | ) |
| | ) |
| POSITIVE GAMING AS, a Norway company, and | ) |
| Ole Peter Hoie, an individual, | ) Case No. 2:08cv00185 |
| | ) Judge Ted Stewart |
| Defendants. | ) |

REPLY MEMORANDUM IN SUPPORT OF MOTION
FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Plaintiff, Cobalt Flux, Inc. ("Cobalt Flux" or "Plaintiff") respectfully submits its Reply Memorandum in Support of its Motion for Leave to File First Amended Complaint. The Federal Rules of Civil Procedure Require that leave to amend pleadings be granted freely. Defendants argue, however, that the Court should deny Plaintiff's request. Defendants' reasoning is that the facts were allegedly known or should have been known at the time Plaintiff filed the original

Complaint. In the alternative, Defendants argue that the amendments are "futile" because allegedly Plaintiff has no claim for which relief can be granted. *See* Defendants' Opposition to Plaintiff's Motion to Amend, pg. 9. However, as explained below, Plaintiff's amendments are timely and do not unfairly prejudice Defendants. Moreover, contrary to Defendants' unsupported allegations, its Motion to Dismiss would fail even without amendment of the Complaint, because the Court clearly has jurisdiction at least over the claims under the Confidentiality Agreement, which expressly requires exclusive jurisdiction by the federal and state courts located in Utah. Thus, Plaintiff's Motion for Leave is not "futile." Consequently, consistent with the Rule 15 of the Federal Rules of Civil Procedure, the Court should grant Plaintiff leave to file its First Amended Complaint.

## I. LEGAL STANDARD

### A. "The Leave Sought Should, As The Rules Require, Be 'Freely Given'"

The Federal Rules of Civil Procedure require that leave to amend pleadings be freely given when justice so requires. See Rule 15(a)(2), Fed. R. Civ. P. ("[A] party may amend its pleading with…the court's leave. . . . The court should freely give leave when justice so requires."); *see also Forman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). Indeed, this is amply supported even by the case law cited by Defendants. *See, e.g., Edizone, L.C. v. Cloud Nine*, No. 1:04-CV-117 TS, 2008 WL 1869316, at *2 (D. Utah Apr. 24, 2008) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)

("The leave sought should, as the rules require, be 'freely given.'"). Thus, the Court should in the present case also freely grant Plaintiff's request for leave to file its First Amended Complaint.

### C.  Leave Should Be Granted In The Absence Of Undue Prejudice Or Delay

The Court should grant a party leave to amend its pleadings unless the request for leave has been unduly delayed and will unduly prejudice the other party. *See Minter v. Prime Equipment Co.*, 451 F.3d 1196 (10th Cir. 2006). Moreover, the Tenth Circuit will not find an amendment "untimely" or "unduly delayed" if an adequate explanation is provided by the moving party. *See Id.* Likewise, "Courts typically find prejudice *only* when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *See Id.* (*quoting Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971))(emphasis added). As Plaintiff's request is not untimely, nor does it unduly prejudice Defendants' ability to defend the newly added claim, Plaintiff's request for leave to file its First Amended Complaint should be freely granted.

### B.  The Case Should Be Decided On The Merits, Not On "Procedural Niceties"

The Tenth Circuit has also stated that courts should avoid deciding cases on "procedural niceties" and that litigants should be given "the maximum opportunity for each claim to be decided on its merits." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Defendants have not provided any sound or supportable reasoning to deny Plaintiff's Motion for Leave to File its First Amended Complaint. Thus, Plaintiff's Motion should be granted.

## II. ARGUMENT

### A. *Plaintiff's Motion Was Not "Unduly Delayed"*

Plaintiff's Motion for Leave to File an Amended Complaint was not unduly delayed. Defendants have not answered the Complaint, no discovery has taken place, and, other than that related to Defendants Motion to Dismiss, no motion work has taken place in this case. The facts here are not even close to those set forth in the cases cited by Defendants. For example, in *Edizone, L.C. v. Cloud Nine*, an unpublished case cited by Defendants, numerous motions had been decided and orders entered, including a pre-trial order. Indeed, that case has already reached Docket No. 699. Moreover, the plaintiff in that case was attempting to amend the complaint more than two years after the case was filed. Unlike this case where discovery has not even started, in *Edizone*, discovery had long closed. Thus, obviously, the case law cited by Defendants in this regard do not support Defendants assertion of undue delay.

Furthermore, Plaintiff Cobalt Flux sought to amend the Complaint in the present case shortly after becoming aware of the issue. In Plaintiff's initial Complaint, Plaintiff asserted a breach of contract claim based on the Confidentiality Agreement, which expressly required exclusive jurisdiction in Utah. Defendants raised the issue, however, that the Co-Operation Agreement allegedly superseded the Confidentiality Agreement. When Plaintiff's counsel investigated Defendants' assertion, it learned that to the contrary, the parties had actually reaffirmed the efficacy of the Confidentiality Agreement in an email agreement in which the parties agreed the Co-Operation Agreement was no longer valid. Upon learning of the email agreement, and a full week before the scheduled hearing on Defendants' Motion to Dimsiss,

4

Plaintiff's counsel sought the stipulation of Defendants' counsel to postpone the hearing based on the email agreement. Defendants, however, failed to stipulate to a postponement. Thus, Plaintiff sought to amend to Complaint to take into account the email agreement and address ***Defendants' new allegation*** that the Co-Operation Agreement supersedes the Confidentiality Agreement.

Defendants' argument that the email agreement entails existing facts already in the possession of Plaintiff is disingenuous. Defendants, being parties to the email agreement, would have also had possession of the agreement and thus arguably knowledge of the content thereof. Nonetheless, Defendants proceeded to argue facts that were a dead-on contradiction to the express language of the email agreement. Consequently, either Defendants were also unaware of the significance of the email agreement, despite it being in their possession, or Defendants deliberately attempted to mislead the Court. Indeed, it was Defendants' duplicitous conduct that necessitated amending the complaint to clarify the nature of the parties' contractual relationship.

As Plaintiff did not unduly delay requesting leave to file an amended complaint, the Court should grant Plaintiff's Motion. *See Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (it was an abuse of discretion for the trial court to deny leave to amend when an adequate explanation was provided).

### B.   *Defendants Are Not Unduly Prejudiced*

The most important factor in deciding a motion to amend the pleadings is whether the amendment would prejudice the nonmoving party. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1207-08 (10th Cir. 2006). "*Rule 15*…was designed to facilitate the amendment of

pleadings except where prejudice to the opposing party would result." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1207-08 (10th Cir. 2006) (*quoting U.S. v. Houghham*, 364 U.S. 310, 316 (1960)). "Courts typically find prejudice *only* when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (*quoting Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)(emphasis added). Furthermore, the opposing party is not prejudiced when the amended claims track the factual situation set forth in the original claims. *See e.g,. Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994).

In the present case, Defendants are not unduly prejudiced by Plaintiff's amendments. Plaintiff's Amended Complaint includes one additional breach of contract claim, which dovetails with and relates to Plaintiff's initial claim for breach of the Confidentiality Agreement. Plaintiff also seeks to remove the claim for misrepresentation. Defendants were parties to and involved in the negotiation of the email agreement, so assertion of the email agreement by Plaintiff should be of no surprise or undue prejudice to Defendants, particularly when Defendants are attempting to allege facts in this case which are expressly contradicted by the email agreement. Likewise, it is difficult to see how removal of the misrepresentation claim prejudices Defendants. Moreover, the risk of prejudice is substantially reduced by the fact that Defendants have not even answered the Complaint yet.

Furthermore, Defendants' argument that is has been prejudiced because of the time and expense it has allegedly expended in preparation for the cancelled hearing on Defendants' Motion To Dismiss is without merit. First, any additional cost or expense incurred by

Defendants preparing for the hearing was caused by Defendants, not Plaintiff. Plaintiff notified Defendants a full week before the hearing regarding the email agreement and requested that Defendants stipulate to postpone the hearing. Thus, Defendants failure to stipulate to postponement of the hearing would have caused such prejudice, if any. Second, it is not the prejudice required to deny a motion for leave to amend, as it does not "unfairly affect[] the defendants 'in terms of preparing their defense to the amendment." *See Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (*quoting Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)(emphasis added). Finally, Plaintiff did not ask the Court to cancel the hearing, rather the Court cancelled the hearing on its own volition.

As no undue prejudice will inure to Defendants if the Court allows Plaintiff's amendments, the Court should grant Plaintiff's Motion.

### C.   *The Amendments To The Complaint are not Futile*

Defendants argue that the Court should not grant leave for Plaintiff to file its Amended Complaint because the amended Complaint would allegedly be futile, *i.e.*, would not assert a claim upon which relief could be granted. Defendants' argument appears to be no more than a rehashing of Defendants' Motion To Dismiss. Furthermore, most of Defendants' assertions are unsubstantiated and disputed factual allegations that are better addressed through the course of discovery and on the merits. Examples include whether or not the NDA identified in the email agreement is the Confidentiality Agreement, as asserted by Plaintiff, and whether or not the parties to the email agreement, which purports to invalidate the Co-Operation Agreement, are the

same as the parties to the Co-Operation Agreement.[1] Indeed, Defendants new assertion regarding Mr. Hoie's representations and relationships with respect to more than one entity carrying the name Positive Gaming, and related facts, raise the issue of whether these entities and Mr. Hoie are all alter egos of each other. Consequently, if the Court grants Plaintiff's Motion, Plaintiff would like to include in its Amended Complaint an alter ego claim against Mr. Hoie and all such entities, e.g., that Mr. Hoie and his companies were at all times the moving, active, and conscious force behind each others' wrongful conduct.[2]

Futility is further belied by the fact that both the original and amended Complaints have a claim for breach of the Confidentiality Agreement, which expressly requires exclusive jurisdiction by the federal and state courts located in Utah. Defendants' Motion To Dismiss should have been denied even if Plaintiff had not sought to amend the Complaint. Whether or not Plaintiff's added a claim for breach of the email agreement, that agreement would have been evidence that the Co-Operation Agreement did not supersede the Confidentiality Agreement and that therefore the Court has jurisdiction under the Confidentiality Agreement.

---

[1] NDA is a common abbreviation for Non-Disclosure Agreement, which is often equivalent to a Confidentiality Agreement. Thus, when the email agreement identifies an NDA, it is identifying the Confidentiality Agreement. Defendants have not identified any other agreement that could be considered the NDA, yet alone provided any evidence of another agreement. Thus, Defendants unsupported allegation that the NDA and the Confidentiality Agreement are distinct and separate is no more than frivolous gamesmanship.

[2] Positive Gaming AS, Positive Gaming Europe AB, owned by Mr. Hoie, appear to be alter egos being used by Mr. Hoie to avoid liability. Under Utah law, parties are alter egos if: (1) there is such a unity of interest and ownership between the entities that the separate personalities of the different entities no longer exist; and (2) that observance of the corporate form would sanction a fraud, promote injustice or cause an inequitable result to follow. *Messick v. PHD Trucking Serv. Inc.*, 678 P.2d 791, 794 (Utah 1984).

Defendants' argument that amending the Complaint is futile because of the forum clause in the Co-Operation Agreement is also without merit. First, the email agreement clearly invalidates the Co-Operation Agreement and thus the forum clause therein. Second, assertion of fraud in the inducement is not a claim in contract that would trigger a forum clause, rather it is based on fraudulent acts and intent prior to the Co-Operation Agreement. To require a fraud in the inducement claim to be subject to a forum clause in a fraudulently obtained contract would merely reward the fraud. Finally, it is inconsistent with the express Utah forum language of the Confidentiality Agreement.

Thus, Defendants arguments regarding futility are without merit and Plaintiff's Motion For Leave should be granted.

### D.  *Plaintiff Should Be Granted Its Costs And Attorneys' Fees*

Oddly, Defendants have counter asserted a request for attorneys' fees. However, in light of Defendants' numerous gross misrepresentations of case law contrary to clear U.S. Supreme Court precedent with respect to (i) diversity jurisdiction; (ii) pleading of trade secret claims in federal courts; and (ii) sufficiency of pleadings; and in light of Defendants' assertion of facts dead contrary to express and clear language set forth in the email agreement which Defendants' had in their possession, Defendants should be required to pay Plaintiff's costs and attorneys' fees in defending against Defendants' Motion to Dismiss and Defendants' opposition to Plaintiff's Motion For Leave. Plaintiff was required to waste inordinate amounts of time and expense responding to numerous unpublished cases cited by Defendants for propositions completely inapplicable to the present case. The U.S. and Tenth Circuit case law is so clear on the subject

matter regarding the difference between burdens on plaintiffs and defendants with respect to diversity and removal jurisdiction, that Defendants' assertions in this regard were no less than frivolous. Likewise, Defendants continuously asserted California and other state procedural laws with respect to the pleading of trade secrets which any reasonable attorney would have known are inconsistent with Federal law and have no efficacy in Federal Court yet alone in the District of Utah. Thus, citation of those cases was clearly frivolous.

For the foregoing reasons, the Court should award Plaintiff its costs and attorneys fees in responding to such frivolous assertions. See, e.g., *Finch v. Hughes Aircraft Co.*, 926 F.2d 1574 (Fed. Cir. 1991)(sanctions merited because of clear contrary legal authority, submitting rambling briefs, and submitting numerous documents containing irrelevant arguments); *Borowski v. Depay, Inc.*, 850 F.2d 297 (7th Cir. 1988)(sanctions merited because "conduct throughout the entire case demonstrated the 'ostrich-like tactic of pretending that potentially dispositive authority against [his] contention does not exist").

### III.   CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's Motion and award it its costs and attorneys' fees as against Defendants.

DATED this 23rd day of July, 2008

By: /s/ Perry S. Clegg<br>
Perry S. Clegg<br>
BATEMAN IP LAW GROUP<br>
8 E. Broadway, Suite 550<br>
P.O. Box 1319<br>
Salt Lake City, Utah, 84110<br>
*Attorneys for Plaintiff*

Randall B. Bateman (USB 6482)
Perry S. Clegg (USB 7831)
BATEMAN IP LAW GROUP
8 East Broadway, Suite 550
P.O. Box 1319
Salt Lake City, Utah 84110
Tel: (801) 533-0320/Fax: (801) 533-0323
Emails: mail@batemanip.com, rbb@batemanip.com, and psc@batemaip.com

Attorneys for Plaintiff,
Cobalt Flux, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| COBALT FLUX, INC., a Utah corporation, | **CERTIFICATE OF SERVICE** |
| Plaintiff, | |
| vs. | |
| POSITIVE GAMING AS, a Norway company, and Ole Peter Hoie, an individual, | Case No. 2:08cv00185 |
| | Judge Ted Stewart |
| Defendants. | |

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT and this CERTIFICATE OF SERVICE were served on Defendants via First Class Mail, postage prepaid, this 23rd day of July, 2008, as follows:

James E. Magleby
Christopher M. Von Maack
Jennifer Fraser Parrish
MAGLEBY & GREENWOOD
170 South Main Street, Suite 350
Salt Lake City, Utah 84101-3605

By: /s/ Perry S. Clegg
     Perry S. Clegg

2