IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| COBALT FLUX, INC., a Utah corporation,<br><br>    Plaintiff,<br><br><br><br>      vs.<br><br><br>POSITIVE GAMING AS, a Norway company, and OLE PETER HOIE, an individual,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT<br><br><br><br><br>Case No. 2:08-CV-185 TS |

This matter comes before the Court on Plaintiff's Motion for Leave to File First Amended Complaint.  For the reasons discussed below, the Court will grant Plaintiff's Motion. As a result of this ruling, Defendants' pending Motion to Dismiss and the motions related thereto are now moot and will be denied as such.

I.  DISCUSSION

Rule 15(a) provides that, after a responsive pleading has been served, "a party may amend its pleadings only with the opposing party's written consent or the court's leave."[1]  The

---

[1]Fed.R.Civ.P. 15(a)(2).

Rule goes on to state that "[t]he court should freely give leave when justice so requires."[2]  The

Supreme Court, in *Forman v. Davis*,[3] stated:

> In the absence of any apparent or declared reason—such as undue delay, bad faith
> or dilatory motive on the part of the movant, repeated failure to cure deficiencies
> by amendments previously allowed, undue prejudice to the opposing party by
> virtue of allowance of the amendment, futility of the amendment, etc.—the leave
> sought should, as the rules require, be "freely given."[4]

A.     UNDUE DELAY

As noted, the Supreme Court in *Forman* listed "undue delay" as one of the justifications

for denying amendment.  The Tenth Circuit has stated that "'[l]ateness does not of itself justify

the denial of the amendment.'"[5]  "However, '[a] party who delays in seeking an amendment is

acting contrary to the spirit of the rule and runs the risk of the court denying permission because

of the passage of time.'"[6]  "The longer the delay, 'the more likely the motion to amend will be

denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a

sufficient reason for the court to withhold permission to amend.'"[7]

---

[2]*Id*.

[3]371 U.S. 178 (1962).

[4]*Id*. at 182.

[5]*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (quoting *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975)).

[6]*Id*. (quoting 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1488 (2d ed. 1990)).

[7]*Id*. (quoting *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)).

The Court "focuses primarily on the reasons for the delay."[8]  The Tenth Circuit has "held that denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'"[9]  "For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend."[10]  "Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, to present theories seriatim in an effort to avoid dismissal, or to knowingly delay [] raising [an] issue until the eve of trial."[11]

Here, the Court finds that the filing of the Motion to Amend was not a result of undue delay.  Defendants filed a Motion to Dismiss alleging various flaws with Plaintiff's Complaint.  Upon further research, Plaintiff discovered additional information which, in its view, necessitated the filing of this Motion to Amend.  While it is true that Plaintiff waited until Defendants' Motion to Dismiss was fully briefed and ready to be heard by the Court, this alone is not enough to justify denying the Motion to Amend.  This case is still relatively new.  No discovery has taken place and no trial has been set.  Therefore, the Court finds that the Motion to Amend was not the result of undue delay.

---

[8]*Id*. at 1206.

[9]*Id*. (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365–66 (10th Cir. 1993)).

[10]*Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.3d 383, 387 (10th Cir. 1987).

[11]*Minter*, 451 F.3d at 1206 (quotation marks and citations omitted).

3

B.      PREJUDICE

"The second, and most important, factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party."[12]  "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'"[13]  "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."[14]

The Court cannot find that Defendants will be prejudiced by allowing this amendment. Plaintiff's proposed amendment adds one new claim which is closely related to the claims contained in the original Complaint.  Additionally, as noted above, this case is relatively new. There is nothing to suggest that Defendants will be unduly prejudiced by allowing the amendment.

C.      FUTILITY

Defendants also argue that the Motion to Amend should be denied because amendment would be futile.  Defendants argue that the proposed Amended Complaint cannot survive their pending Motion to Dismiss.

---

[12]*Id.*

[13]*Id.* at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).

[14]*Id.*

A court may deny a motion for leave to amend when it would be futile to allow the plaintiff an opportunity to amend the complaint.[15] If Plaintiffs' proposed Amended Complaint cannot withstand a motion to dismiss, amendment would be futile.

Defendants make the following arguments in favor of dismissal: (1) Plaintiff's First Claim for Relief—breach of the Confidentiality Agreement—fails because Defendant Hoie is not a party to the confidentiality agreement; (2) Plaintiff's Second Claim for Relief—breach of the Email Agreement—fails because Defendants are not parties of that agreement; (3) Plaintiff's Third Claim for Relief—misappropriation of trade secrets—fails because Plaintiff has failed to adequately describe its trade secrets; and (4) Plaintiff's Fourth Claim for Relief—fraud in the inducement—cannot survive a motion to dismiss because Plaintiff has failed to plead fraud with particularity as required by Fed.R.Civ.P. 9(b).

### 1.    Breach of the Confidentiality Agreement

Defendants argue that Plaintiff's breach of contract claim with respect to the confidentiality agreement suffers from the same flaws that were pointed out in the Motion to Dismiss. Defendants argue that Defendant Hoie was not a party to the Confidentiality Agreement.

Plaintiff responds by stating that it would like to include an alter ego claim against Defendant Hoie, presumably in an amendment to their proposed Amended Complaint. This amendment would likely alter the analysis of Defendants' Motion to Dismiss. The Court finds that the best course of action is to allow Plaintiff to file an Amended Complaint, including an alter ego theory, and allow Defendants an opportunity to respond thereto.

---

[15] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

2.      *Breach of the Email Agreement*

Defendants argue that Plaintiff's breach of the Email Agreement claim cannot survive a

Motion to Dismiss because neither Defendant is a party to that agreement.  Rather, Defendants

argue that the Email Agreement is between Plaintiff and Positive Gaming Europe.

As with Plaintiff's breach of the confidentiality agreement claim, the Court finds that the

best course of action is to allow Plaintiff to amend their Complaint to clarify this issue and allow

Defendants to respond with a motion to dismiss, if appropriate.

3.      *Misappropriation of Trade Secrets*

Defendants argue that Plaintiff's misappropriation of trade secrets fails because Plaintiff

has failed to sufficiently describe its alleged trade secrets with sufficient particularity.

Defendants appear to argue for a heightened pleading standard for Plaintiff's misappropriation

claim.  Such is not the case.  There is no heightened pleading standard for trade secrets claims.[16]

A plaintiff is not expected to plead its trade secrets in detail because such disclosure would

amount to an effective surrender of the trade secret.[17]  The usual notice pleading requirements

under Rule 8 apply.[18]

Many of the cases cited by Defendants in their Motion to Dismiss are distinguishable on

one of two grounds: (1) they interpret California law, which requires a different pleading

---

[16]*See DSMC, Inc. v. Convera Corp.*, 273 F.Supp. 2d 14, 24 (D. D.C. 2002).

[17]*Id.*

[18]*Id.*

standard;[19] or (2) they were resolved at the summary judgement stage.[20]  Defendants have cited to

no binding authority adopting a heightened pleading standard for misappropriation claims.

Plaintiff's Amended Complaint sets forth in general terms what its trade secrets are:

proprietary and confidential technology and know-how, as well as other intellectual property,

relating to interactive dance video games and hardware such as dance pads, and the manufacture

thereof.[21]  This identification is more substantial than the identification set out in the cases cited

by Defendants.[22]  For these reasons, Plaintiff's proposed amendment is not futile.

4.      *Fraud in the Inducement*

Defendants argue that Plaintiff's fraud claim fails because it has not been pleaded with

particularity as required by Fed.R.Civ.P. Rule 9(b).  Rule 9(b) provides that "[i]n alleging fraud

or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

"Simply stated, a complaint must 'set for the time, place and contents of the false representation,

the identity of the party making the false statements and the consequences thereof.'"[23]  "Rule

---

[19]*See* Cal. Civ. P. Code § 2019.210 ("[B]efore commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity . . . .")

[20]*See Utah Med. Prods., Inc. v. Clinical Innovations Assocs., Inc.*, 79 F.Supp. 2d 1290, 1312–13 (D. Utah 1999) (summary judgment).

[21]Docket No. 20-2, ¶ 8.

[22]*See Washburn v. Yadkin Valley Bank and Trust Co.*, 660 S.E.2d 577, 586 (N.C. Ct. App. 2008) (finding insufficient claims that plaintiff acquired knowledge of defendant's business methods; clients, their specific requirements and needs; and other confidential information pertaining to defendant's business.).

[23]*Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991)).

9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud."[24]

Plaintiff's Fourth Claim for Relief in the proposed Amended Complaint alleges fraud in the inducement of the Co-Operation Agreement. Plaintiff alleges that Defendants knowingly made false and misleading representations to Plaintiff to induce Plaintiff into entering the Co-Operation Agreement. Plaintiff alleges that it relied on these representations when entering into the Co-Operation agreement and that it was injured as a result.

The Court finds that the Amended Complaint fails to meet the standards of Rule 9(b). The proposed Amended Complaint fails to set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof. Plaintiff's fraud claim is so vague and conclusory that it fails to put Defendants on notice. While the Court has sufficient grounds to dismiss Plaintiff's fraud claim, the Court will allow Plaintiff an additional chance to plead its fraud claim with particularity.

## II. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Leave to File First Amended Complaint (Docket No. 19) is GRANTED. Plaintiff shall file an amended complaint within thirty (30) days of this Order. It is further

ORDERED that Defendants' Motion to Dismiss and Plaintiff's Motion to Strike Defendants' Reply Brief and Alternative Motion for Leave to File Sur-Reply (Docket Nos. 2, 13, and 15) are DENIED AS MOOT.

---

[24] *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006) (quotation marks and citation omitted).

The hearing set for October 9, 2008 is STRICKEN.

DATED   October 6, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge